**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-01076-DDD-TPO

LOVEPREET SINGH,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility;
TODD LYONS, Acting Director of U.S. Immigration and Customs
    Enforcement;
MARKWAYNE MULLIN, Secretary of the U.S. Department of
    Homeland Security; and
TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.[1]

---

### ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Lovepreet Singh seeks a writ of habeas corpus directing his release from immigration detention. Doc. 1. For the following reasons, his petition is denied.

### BACKGROUND[2]

The petitioner is a native and citizen of India. Doc. 1 at 1, 5. He entered the United States without inspection on April 19, 2023. *Id.* Shortly thereafter, he was arrested on a Form I-200 warrant and briefly

---

[1]    To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2]    In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

detained. *Id.* He was then released on his own recognizance, subject to conditions of supervision. *Id.* at 1-2, 6, 10; Doc. 1-3. The Order of Release on Recognizance states that the petitioner's release was "[i]n accordance with [8 U.S.C. § 1226] and the applicable provisions of Title 8 of the Code of Federal Regulations." Doc. 1-3 at 1.

On April 22, 2023, the Department of Homeland Security issued a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229a. Doc. 1-2. The Notice to Appear charges the petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without being admitted or paroled or who arrived in the United States at an undesignated time or place. *Id.* at 1. The petitioner has applied for asylum. Doc. 1 at 2, 6. Proceedings are ongoing in immigration court. *Id.* at 6.

Following his release on recognizance, the petitioner was issued an Employment Authorization Document in connection with his pending asylum application, and he obtained lawful employment as a commercial truck driver. *Id.* at 2, 6. He fully complied with his conditions of supervision and lived in the United States without incident for nearly three years. *Id.*

On March 5, 2026, the petitioner was involved in a traffic accident and contacted local law enforcement for assistance. *Id.* at 2, 6, 12. The responding officer contacted immigration authorities, who took the petitioner into custody, and he has been detained since that time without a bond hearing. *Id.* at 2-3, 6-7, 12. The petitioner was not provided any prior notice or opportunity to be heard before he was re-detained. *Id.* The respondents contend that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and thus is not eligible for release while his immigration proceedings are pending. Doc. 1 at 3, 7, 9-11; Doc. 10 at 4-13.

The petitioner argues that: (1) the respondents are unlawfully detaining him under 8 U.S.C. § 1225(b) in violation of the Immigration and Nationality Act and Administrative Procedure Act; (2) his continued detention violates his substantive due-process rights; and (3) even if he is subject to mandatory detention under Section 1225(b), his re-detention without prior notice or opportunity to be heard violates his procedural due-process rights. Doc. 1 at 12-17.

## APPLICABLE LAW

### I.  Habeas Corpus

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

### II.  Statutory Framework Governing Immigration Detention

While removal proceedings are being adjudicated, a noncitizen may be detained pursuant to either 8 U.S.C. § 1225 or 8 U.S.C. § 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018).

Section 1225 applies to "applicants for admission," which the statute defines as an "alien present in the United States who has not been admitted or who arrives in the United States[, ]whether or not at a

- 3 -

designated port of arrival."³ 8 U.S.C. § 1225(a)(1). "Admitted" and "admission" mean "the lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer," 8 U.S.C. § 1101(a)(13)(A), not simply physical entry into the country. *See United States v. Gaspar-Miguel*, 947 F.3d 632, 633-34 (10th Cir. 2020) (discussing history of INA and distinction between "entry" and "admission").

Under Section 1225(b)(1), applicants for admission "arriving in the United States" and applicants for admission who have not been paroled into the United States and have not been present in the country for at least two years are subject to expedited removal proceedings if an immigration officer determines they are inadmissible on certain grounds, and they may be ordered removed "without further hearing or review" unless they demonstrate a credible fear of persecution.⁴ 8 U.S.C. § 1225(b)(1)(A)-(B); *see also Thuraissigiam*, 591 U.S. at 107-11. Applicants for admission in expedited removal proceedings are subject to mandatory detention while those proceedings are pending. 8 U.S.C.

---

³ The statutory phrase "alien . . . who arrives in the United States" is broader than the regulatory definition of "arriving alien," which is "an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. §§ 1.2, 1001.1(q); *In re Q. Li*, 29 I. & N. Dec. 66, 68 n.2 (B.I.A. 2025). The terms "alien" and "noncitizen" are synonymous. *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

⁴ Those "arriving in the United States" are automatically subject to expedited removal if they are inadmissible on one of the specified grounds, while those who have been present in the United States for less than two years may be subject to expedited removal in the discretion of the Secretary of Homeland Security. 8 U.S.C. § 1225(b)(1)(A)(i) & (iii)(I)-(II); *see also DHS v. Thuraissigiam*, 591 U.S. 103, 109 & n.3 (2020); 6 U.S.C. §§ 251(2), 557; 8 C.F.R. § 235.3(b)(1)(ii). Not all noncitizens subject to expedited removal are in fact placed in such proceedings, and the government has discretion to place them in standard removal proceedings under 8 U.S.C. § 1229a even if expedited removal could be applied to them. *Flores v. Barr*, 934 F.3d 910, 917 (9th Cir. 2019) (citing *In re E-R-M*, 25 I. & N. Dec. 520, 521-22 (B.I.A. 2011)).

§ 1225(b)(1)(B)(ii) & (iii)(IV); *see also Jennings*, 583 U.S. at 302; *Thuraissigiam*, 591 U.S. at 111. Under Section 1225(b)(2), in the case of all other applicants for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," the alien is subject to mandatory detention during the pendency of standard removal proceedings under Section 1229a.[5] 8 U.S.C. § 1225(b)(2)(A); *see also Jennings*, 583 U.S. at 287 (Section 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)"); 8 C.F.R. § 235.3(b)(1)(ii) ("An alien who was not inspected and admitted or paroled into the United States but who . . . has been . . . physically present in the United States for [two years] shall be detained in accordance with section [1225(b)(2)] for a proceeding under section [1229a]."). Noncitizens subject to mandatory detention under Section 1225(b)(1) or (b)(2) may be released on "humanitarian" parole in the discretion of the Secretary of Homeland Security,[6] but they are not entitled to a bond hearing before an immigration judge. *See* 8 U.S.C. § 1182(d)(5)(A) (Secretary may "parole into the United States . . . on a case-by-case basis for urgent

---

[5] It is an open question whether the government violates Section 1225(b)(2)(A) if it does not detain applicants for admission that fall within its purview, or if this mandatory-detention provision "must be read in light of traditional principles of law enforcement discretion." *Biden v. Texas*, 597 U.S. 785, 803 n.5, 807 (2022).

[6] It is unsettled whether an applicant for admission who entered the country unlawfully is eligible for humanitarian parole. *Compare Texas v. DHS*, 756 F. Supp. 3d 310, 317-31, 353-57 (E.D. Tex. 2024) (discussing history of INA and parole "into the United States" and holding that noncitizens who enter unlawfully may not be "paroled in place" unless they fall within certain statutory exceptions), *with Authority to Parole Applicants for Admission Who Are Not Also Arriving Aliens*, INS Legal Op. No. 98-10, 1998 WL 1806685 (1998). Noncitizens who are released on humanitarian parole may be eligible for adjustment to lawful permanent resident status without the necessity of leaving the country, as well as certain other benefits. *See Texas v. DHS*, 756 F. Supp. 3d at 324-25.

humanitarian reasons or significant public benefit any alien applying for admission"); *Biden v. Texas*, 597 U.S. at 806-07 (discussing humanitarian parole); *Jennings*, 583 U.S. at 297-98, 300 (no bond hearing).

Section 1226(a) applies to noncitizens arrested "[o]n a warrant,"[7] who may then be "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The group of noncitizens who may be arrested and detained under Section 1226(a) is not limited to applicants for admission. Noncitizens who have been admitted to the United States but are removable on various grounds—for example, an alien who was admitted on a visa that has since been revoked, or a lawful permanent resident who is convicted of certain crimes—may be arrested under Section 1226(a) and placed in removal proceedings under Section 1229a. *See* 8 U.S.C. § 1227(a) (defining classes of admitted deportable aliens). Except for certain criminal aliens, noncitizens who are arrested and detained under Section 1226(a) are entitled to a bond hearing before an immigration judge and may be released on bond or "conditional" parole.[8] 8 U.S.C. § 1226(a) & (c); 8 C.F.R.

---

[7]    Section 1226(a) "authorizes detention only '[o]n a warrant issued' . . . leading to the alien's arrest." *Jennings*, 583 U.S. at 302; *accord Nielsen v. Preap*, 586 U.S. 392, 410 (2019) ("the need for a warrant" is a procedural requirement for arrest under Section 1226(a)). But immigration officers are authorized to arrest "any alien in the United States" without a warrant if there is "reason to believe that the alien so arrested is in the United States in violation of [the immigration laws] and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

[8]    Conditional parole under Section 1226(a)(2)(B) does not confer the same benefits as humanitarian parole under Section 1182(d)(5)(A), such as eligibility for adjustment to lawful permanent resident status. *Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011) (collecting cases); *Texas v. DHS*, 756 F. Supp. 3d at 355; *Singh v. Noem* (*Bachitar Singh*), No. CIV 25-1110 JB/KK, 2026 WL 146005, at *17 (D.N.M. Jan. 20, 2026) ("Conditional parole does not confer entry [and] does not alter an alien's status as an applicant for admission[.] . . . [It] is similar to bail in the

- 6 -

§§ 236.1(d)(1), 1236.1(d)(1); *see also Jennings*, 583 U.S. at 306; *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 & n.2 (2021). Certain criminal aliens are subject to mandatory detention while their removal proceedings are pending and may not be released on bond, conditional parole, or humanitarian parole. 8 U.S.C. § 1226(a) & (c)(4).

**DISCUSSION**[9]

## I.  The petitioner is subject to mandatory detention under Section 1225(b)(2)(A).

The petitioner argues that his detention is governed by Section 1226(a), and that subjecting him to mandatory detention under Section 1225(b) is unlawful under the INA and APA. Doc. 1 at 15-17.

This case is one of many filed in recent months, in this District and across the country, raising the question of whether a noncitizen who has not been lawfully admitted to the United States but who has been living in the country for some appreciable amount of time is properly subject to mandatory detention under Section 1225(b)(2)(A) or may only be detained under Section 1226(a) (with the opportunity for release on bond or conditional parole) while his or her removal proceedings are pending. *See, e.g.*, *Coronado v. Sec'y, DHS*, No. 1:25-cv-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025) (noting that as of December 2025, "district courts have issued more than 700 decisions addressing the topic"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (noting

---

criminal context."); *In re Castillo-Padilla*, 25 I. & N. Dec. 257 (B.I.A. 2010), *aff'd*, 417 F. App'x 888 (11th Cir. 2011). Only applicants for admission are eligible for humanitarian parole. *See* 8 U.S.C. § 1182(d)(5)(A) (Secretary may parole "any alien applying for admission").

[9]  Because the relevant facts are not in dispute and the petitioner's challenge to detention is fundamentally legal in nature, I have determined that a hearing is not necessary in this case.

that as of February 2026, "well over a thousand aliens have filed habeas corpus petitions seeking bond hearings").

The majority of district courts have found that detention of noncitizens similar to the petitioner under Section 1225(b)(2)(A) is improper, and those courts have ordered that such noncitizens be provided with bond hearings under Section 1226(a) or released.[10] A "small but growing

---

[10] *See, e.g., Singh v. Baltazar* (*Gurlal Singh*), — F. Supp. 3d —, No. 1:26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026); *Abanil v. Baltazar*, 817 F. Supp. 3d 1148 (D. Colo. 2026); *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2026); *Arredondo v. Baltazar*, No. 1:25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025); *Hernandez Vazquez v. Baltasar*, No. 25-cv-03049-GPG, 2025 WL 4083603 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Lazalde Zuniga v. Baltazar*, No. 26-cv-01620-KAS, 2026 WL 1179330 (D. Colo. Apr. 30, 2026); *Lira-Jarquin v. Noem*, No. 26-cv-00588-STV, 2026 WL 864190 (D. Colo. Mar. 30, 2026); *Hernandez Murillo*, No. 25-cv-04163-TPO, 2026 WL 662925 (D. Colo. Mar. 9, 2026); *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Merchan-Pacheo v. Noem*, No. 1:25-cv-03860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026); *Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Requejo Roman v. Castro*, 816 F. Supp. 3d 1267 (D.N.M. 2026); *Castillo v. Ybarra*, No. CIV 25-1074 JB/JFR, 2026 WL 370497 (D.N.M. Feb. 10, 2026); *Carbajal v. Wimmer*, No. 2:26-cv-00093, 2026 WL 353510 (D. Utah Feb. 9, 2026); *Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071 (W.D. Okla. Dec. 8, 2025); *Bautista v. Santacruz* (*Bautista I*), 813 F. Supp. 3d 1084 (C.D. Cal. 2025); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (collecting 350 district-court decisions finding for habeas petitioner and 12 denying habeas relief); *Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725 (W.D. Ky. 2025); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025); *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025); *Pacheco v. Crowley*, No. 1:26-CV-02052, 2026 WL 658890 (N.D. Ill. Mar. 9, 2026); *Avelar Ramos v. Bondi*, No. 3:26-cv-112, 2026 WL 614875 (E.D. Va. Mar. 4, 2026); *Yociris P. v. Bondi*, No. 26-cv-1080 (ECT/EMB), 2026 WL 327937 (D. Minn. Feb. 8, 2026), *abrogated by Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Lopez v. Noem* (*Ro-*

number of courts," however, "have reached the opposite conclusion."[11]

*Carera v. Bondi*, No. 1:26-cv-00039, 2026 WL 508084 (D.N.D. Feb. 24,

_____

*berto Lopez*), No. 3:26-CV-62-K-BN, 2026 WL 194853 (N.D. Tex. Jan. 26, 2026), *abrogated by Buenrostro-Mendez*, 166 F.4th 494; *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025), *abrogated by Avila*, 170 F.4th 1128.

[11] *See, e.g.*, *Buenrostro-Mendez*, 166 F.4th at 500 n.4 (collecting "notable exceptions"); *Cisneros v. Noem*, — F. Supp. 3d —, No. 2:25-cv-1170-HCN, 2026 WL 396300 (D. Utah Feb. 12, 2026); *Cano v. Holt*, No. CIV-25-01228-JD, 2026 WL 736461 (W.D. Okla. Mar. 16, 2026) ("Petitioner claims that 'Courts have uniformly rejected' the Government's" position, "[b]ut that is not accurate, at least not anymore."); *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026); *Chavez v. Noem* (*Ricardo Chavez*), — F. Supp. 3d —, No. CV-26-00323-PHX-MTL (JFM), 2026 WL 381618 (D. Ariz. Feb. 9, 2026) (revisiting previous holding in light of *Buenrostro-Mendez*); *Lopez v. Dir. of Enf't & Removal Operations* (*Andres Lopez*), 817 F. Supp. 3d 1260 (M.D. Fla. 2026), *abrogated by Hernandez Alvarez v. Warden*, — F.4th —, Nos. 25-14065, 25-14075, 2026 WL 1243395 (11th Cir. May 6, 2026); *Rodriguez v. Olson* (*Francisco Rodriguez*), 814 F. Supp. 3d 945 (N.D. Ill. 2026), *abrogated by Castañon-Nava v. DHS*, — F.4th —, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026); *Calderon Lopez v. Lyons* (*Calderon Lopez II*), 814 F. Supp. 3d 733 (N.D. Tex. 2026); *Chen v. Almodovar* (*Xiaoquan Chen*), 815 F. Supp. 3d 314 (S.D.N.Y. 2025), *abrogated by Cunha v. Freden*, — F.4th —, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Valencia v. Chestnut*, 809 F. Supp. 3d 1064 (E.D. Cal. 2025); *Altamirano Ramos v. Lyons*, 809 F. Supp. 3d 1015 (C.D. Cal. 2025) (collecting cases); *Chavez v. Noem* (*Jose Chavez*), 801 F. Supp. 3d 1133 (S.D. Cal. 2025); *Rodriguez v. Noem* (*Miguel Rodriguez*), No. 26-cv-20772-ALTMAN, 2026 WL 804148 (S.D. Fla. Mar. 24, 2026), *abrogated by Hernandez Alvarez*, 2026 WL 1243395; *Ayala v. Harper*, No. 1:26-cv-204-CLM-GMB, 2026 WL 501113 (N.D. Ala. Feb. 23, 2026), *abrogated by Hernandez Alvarez*, 2026 WL 1243395; *Quizhpi-Guaman v. Searls*, No. 26-CV-71 (JLS), 2026 WL 482588 (W.D.N.Y. Feb. 19, 2026), *abrogated by Cunha*, 2026 WL 1146044; *Alvarez-Felix v. Ramos*, No. 26-1041 (RAM), 2026 WL 438160 (D.P.R. Feb. 17, 2026); *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602 (W.D. Tenn. Feb. 13, 2026); *Guillermo N. v. Bondi*, No. 26-258 (PAM/DLM), 2026 WL 272403 (D. Minn. Feb. 2, 2026) ("[T]he Court determines that the growing minority of district courts to reject Petitioner's argument are correct." (collecting cases)); *Hernandez v. Olson*, No. 25-cv-1670-bhl, 2026 WL 161509 (E.D. Wis. Jan. 21, 2026),

2026) (collecting cases). As of this writing, five circuit courts have addressed the question, and they have reached different conclusions.[12] The Tenth Circuit has yet to weigh in.

*abrogated by Castañon-Nava*, 2026 WL 1223250; *Chen v. Almodovar* (*Yinxiao Chen*), No. 25 Civ. 9670 (JPC), 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026), *abrogated by Cunha*, 2026 WL 1146044; *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411 (D. Neb. Dec. 29, 2025); *P.B. v. Bergami*, No. 3:25-CV-02978-O, 2025 WL 3632752 (N.D. Tex. Dec. 13, 2025); *Ugarte-Arenas v. Olson*, No. 25-C-1721, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025) , *abrogated by Castañon-Nava*, 2026 WL 1223250; *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Mejia Olalde v. Noem*, No. 1:25-cv-00168-JMD, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025).

[12] *See Buenrostro-Mendez*, 166 F.4th 494 (reversing district-court orders granting habeas petitions and directing bond hearings under Section 1226(a), holding petitioners subject to mandatory detention under Section 1225(b)(2)(A) because plain meaning of "seeking admission" under that subsection is equivalent to being an "applicant for admission" under subsection (a)(1)); *Avila*, 170 F.4th 1128 (agreeing with Fifth Circuit majority's analysis in *Buenrostro*); *Cunha*, 2026 WL 1146044 (affirming district-court order granting habeas petition, holding Section 1225(b)(2)(A) "applies only to a noncitizen who is both an 'applicant for admission' and who is 'seeking admission,'" *i.e.*, one who presents for admission at a port of entry or who is apprehended at the border, but not to one who has "entered the interior unlawfully . . . and is now seeking only relief from removal"); *Castañon-Nava*, 2026 WL 1223250 (affirming district-court order to release detainees arrested in violation of consent decree, rejecting DHS argument that Section 1225(b)(2)(A) applied to those detainees, and agreeing with Second Circuit's analysis in *Cunha*); *Hernandez Alvarez*, 2026 WL 1243395 (affirming district-court orders granting habeas petitions, holding "seeking admission" "is a legally salient act under the INA" separate from status of being an "applicant for admission" because "admission confers benefits beyond lawful presence" and "seeking relief from removal," *e.g.*, through asylum, "is not the same thing as seeking admission"); *see also Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 24-10645, 2026 WL 496486 (11th Cir. Feb. 23, 2026) (after government initially argued petitioners were detained under Section 1226(a) but then reversed position and argued they were detained under Section 1225, declining to decide issue and instead vacating and remanding to BIA for reconsideration in light of recent authorities including *In re Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in

As I have explained in my previous orders addressing this issue, I am persuaded that the Fifth and Eighth Circuits and the growing minority of district courts holding that Section 1225(b)(2)(A) applies to "applicants for admission" in the petitioner's situation have the better interpretation of the statutory text. *See Singh v. Blanche* (*Gurmeet Singh*), No. 1:26-cv-00421-DDD-KAS, slip op. at 9-15 (D. Colo. Apr. 15, 2026), ECF No. 12; *Valle-Rodriguez v. Hagan*, No. 1:26-cv-00609-DDD-CYC, slip op. at 8-14 (D. Colo. Apr. 22, 2026), ECF No. 11; *Melgar Hernandez v. Blanche*, No. 1:26-cv-00600-DDD-STV, slip op. at 8-12 (D. Colo. Apr. 29, 2026), ECF No. 13; *see also Castañon-Nava*, 2026 WL 1223250, at *34 to *39 (Kirsch, J., dissenting) ("[T]he best reading of § 1225(b)(2)(A) is that . . . it covers all applicants for admission . . . ."); *Hernandez Alvarez*, 2026 WL 1243395, at *22 to *44 (Lagoa, J., dissenting) ("'applicant for admission' and 'seeking admission,' on their ordinary meaning, are 'synonymous,'" and "[t]here is no daylight between" the two). The petitioner acknowledges that he is present in the United States and has not been lawfully admitted. Doc. 1 at 5-6. He is therefore an "applicant for admission" under Section 1225(a)(1). Because he is not in expedited removal proceedings and is not subject to mandatory detention under Section 1225(b)(1), the Section 1225(b)(2) "catchall provision" applies, and he is subject to mandatory detention under Section 1225(b)(2)(A). *See Gurmeet Singh*, slip op. at 14-15; *Valle-Rodriguez*, slip op. at 13-14; *Melgar Hernandez*, slip op. at 11-12.

The petitioner is therefore not entitled to habeas relief on the basis that detaining him under Section 1225(b)(2)(A) is unlawful under the INA or APA.

---

which Board of Immigration Appeals held all "applicants for admission" are subject to mandatory detention under Section 1225(b)).

## II. The petitioner's detention does not violate substantive due process.

The petitioner also argues that subjecting him to mandatory detention under Section 1225(b)(2)(A) violates his substantive due-process rights. Doc. 1 at 12-14.

As I and other courts have previously explained, however, mandatory detention under Section 1225(b) or 1226(c) during the pendency of removal proceedings does not violate noncitizens' substantive due-process rights, absent some unreasonable delay by the government in pursuing and completing those proceedings. *See Gurmeet Singh*, slip op. at 15-16 (collecting cases); *Valle-Rodriguez*, slip op. at 14-15 (same). The petitioner here has been detained for approximately two months. Though his removal proceedings have been pending for approximately three years, he has not demonstrated that there have been any unreasonable delays in those proceedings. *See, e.g.*, *Banyee v. Garland*, 115 F.4th 928, 934 (8th Cir. 2024) ("back-and-forth rulings, plus general administrative backlogs, [which] were to blame for [the petitioner's] lengthy detention" did not "turn otherwise legal detention into unconstitutional punishment"); *Giraldo Nieto v. Ceja*, No. 1:24-cv-02821-DDD-NRN, 2025 WL 4087626, at *7 to *9 (D. Colo. June 12, 2025) (thirty-two-month detention under Section 1225(b) did not violate substantive due process); *Gonzalez Aguilar v. McAleenan* (*Gonzalez Aguilar I*), No. 19-cv-0412 WJ/SMV, 2019 WL 5864821, at *11 (D.N.M. Nov. 8, 2019) (R. & R.) (petitioner not likely to succeed on substantive due-process claim based on twenty-seven-month detention under Section 1225(b)), *adopted sub nom. Gonzalez Aguilar v. Wolf* (*Gonzalez Aguilar II*), 448 F. Supp. 3d 1202 (D.N.M. 2020); *Rodriguez Figueroa v. Garland*, 535 F. Supp. 3d 122, 127-28 (W.D.N.Y. 2021) (over thirty-two-month detention under Section 1225(b) did not violate substantive due process).

The petitioner is therefore not entitled to habeas relief on the basis that detention violates his substantive due-process rights.

## III. The petitioner's re-detention does not violate procedural due process.

Finally, the petitioner argues that, even if he is subject to mandatory detention under Section 1225(b), re-detaining him without prior notice or opportunity to be heard was a violation of his procedural due-process rights. Doc. 1 at 14-15; Doc. 11 at 2-9.

The Due Process Clause, however, does not provide applicants for admission like the petitioner a liberty interest in being released from immigration detention as a matter of procedural due process. *Sierra*, 258 F.3d at 1218 & n.3 (petitioner was "legally considered to be detained at the border and hence as never having effected entry into this country"); *accord Thuraissigiam*, 591 U.S. at 139-40 (applicants for admission, "even those paroled elsewhere in the country for years pending re-moval," are "'treated' for due process purposes 'as if stopped at the bor-der'" (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953))). Such applicants for admission are "entitled only to the pro-cess Congress has conferred on [them] by statute." *Bonilla Espinoza v. Ceja*, No. 1:25-cv-01120-GPG, slip op. at 13-17 (D. Colo. May 21, 2025), ECF No. 11 (citing *Mezei*, 345 U.S. at 212; *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950); *Sierra*, 258 F.3d at 1218); *accord Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292-93 (10th Cir. 2001) (beyond basic right to "fundamental fairness" of removal proceedings, "any alleged liberty interest must be created by statute or regulation"). This does not mean they have no due-process rights, but "rather, the applicable statutory process shapes [their] procedural due-process rights." *Gonzalez Aguilar II*, 448 F. Supp. 3d at 1212. In order to create a liberty interest, a statute or regulation "must substantively limit the

exercise of official discretion through specifically defined criteria that guide official decision making." *Aguilera*, 241 F.3d at 1293. "If the government official may deny relief for 'any constitutionally permissible reason or for no reason at all,' the statute or regulation does not create a protected liberty interest." *Id.* (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *accord Ho v. Greene*, 204 F.3d 1045, 1060 & n.9 (10th Cir. 2000), *abrogated in part on other grounds by Zadvydas*, 533 U.S. 678.

In this case, the petitioner was initially released on his own recognizance "[i]n accordance with [8 U.S.C. § 1226]."[13] Doc. 1-3 at 1. "'[R]elease on recognizance' [is] another name for 'conditional parole' under § 1226(a)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *accord Cruz-Miguel*, 650 F.3d at 191; *Delgado-Sobalvarro v. Att'y Gen. of the U.S.*, 625 F.3d 782, 784 (3d Cir. 2010). The regulations governing conditional parole do limit officials' discretion to *release* a noncitizen—release must "not pose a danger to property or persons," and the noncitizen must be "likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8); 8 C.F.R. § 1236.1(c)(8). But officials' discretion to *revoke* conditional parole is not limited. Section 1226(b) provides that the Secretary of Homeland Security "at any time may revoke [conditional parole], rearrest the alien under the original warrant, and detain the alien."[14] And the regulations provide that:

> When an alien, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting

---

[13] As noted above, *supra* note 5, it is an open question whether releasing a noncitizen who is subject to mandatory detention under Section 1225(b) violates that statute or is a permissible exercise of law-enforcement discretion. I need not resolve that question here.

[14] The statute's reference to the Attorney General has been replaced with the Secretary of Homeland Security. *See Nielsen*, 586 U.S. at 397-98 & n.2.

- 14 -

> district director, deputy district director, assistant district
> director for investigations, assistant district director for de-
> tention and deportation, or officer in charge . . . in which
> event the alien may be taken into physical custody and de-
> tained.

8 C.F.R. § 236.1(c)(9); 8 C.F.R. § 1236.1(c)(9).

The petitioner does not argue that the applicable regulatory process was not followed in his case, *i.e.*, that his release was not revoked by one of the designated officials. And that is all the process to which he was entitled. *See Sierra*, 258 F.3d at 1218-20 ("[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned," and procedural due process was satisfied where "[n]either the statutes nor the governing regulations require[d] a hearing on parole withdrawal"). He argues that "DHS may [not] revoke previously granted liberty—after years of compliance—without providing any notice, any individualized determination, or any pre-deprivation hearing," citing *Morrissey v. Brewer*, 408 U.S. 471 (1972). Doc. 11 at 3-4; *see also* Doc. 1 at 11. But *Morrissey* involved convicted state prisoners who had been sentenced to confinement and subsequently released on parole. It was "not in the immigration context[,] and the Court finds it inapplicable to the instant issues." *Kanda v. Cole*, — F. Supp. 3d —, No. 5:26-cv-158, 2026 WL 1014400, at *3 n.3 (S.D. Tex. Apr. 10, 2026); *accord Rezaee v. President of the U.S.*, No. 6:25-cv-1140-CEM-DCI, 2025 WL 4051609, at *4 (M.D. Fla. July 29, 2025) (humanitarian parole is a matter of discretion and may be ended without hearing; arriving aliens not entitled to "the full panoply of procedural rights ordinarily associated with revocation of criminal parole"); *Palma v. Arteta*, — F. Supp. 3d —, No. 25 Civ. 9340 (JPC), 2026 WL 697015, at *11 (S.D.N.Y. Mar. 12, 2026) ("a non-entered alien's claim to procedural protections is far weaker than that of a criminal parolee"), *abrogated in part on other grounds by Cunha*, 2026 WL 1146044.

- 15 -

"In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 521 (quoting *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976)). In this context, where the petitioner has not argued or demonstrated that he was not given the process afforded to him by Congress, his "previous release from detention or the absence of an individualized assessment [do not] change the analysis." *Kanda*, 2026 WL 1014400, at *3; *accord Singh v. Noem* (*Sahibpreet Singh*), No. 2:26-cv-00427-KWR-KK, 2026 WL 766228, at *8 (D.N.M. Mar. 18, 2026) (petitioner entitled to have conditional parole properly revoked pursuant to procedures in governing regulations, but "[t]here is nothing in the text of the statute or regulation that suggests a hearing is required before [re-]detaining a noncitizen released under § 1226(a)"); *Demir v. Noem*, No. 2:26-cv-00086-JRO-MKK, 2026 WL 706485, at *8 (S.D. Ind. Mar. 13, 2026) ("Respondents do not have to justify mandatory detention on a case-by-case basis."), *abrogated in part on other grounds by Castañon-Nava*, 2026 WL 1223250. And even if the applicable procedures were not followed when the petitioner was re-detained, release is not an available habeas remedy when he is subject to mandatory detention under Section 1225(b). *Cf. Depelian v. Baltazar*, No. 1:25-cv-03765-SKC-TPO, slip op. at 9-11 (D. Colo. Jan. 20, 2026), ECF No. 18 (respondents violated petitioner's procedural due-process rights by re-detaining him without following procedure for terminating humanitarian parole, but no habeas remedy available because respondents cured violation post-detention and petitioner was subject to mandatory detention under Section 1225(b)); *Lin v. Almodovar*, No. 1:25-cv-9639-MKV, 2025 WL 3706626 (S.D.N.Y. Dec. 22, 2025) (same); *Navdeep v. Warden ERO El Paso Camp E. Mont. Det. Ctr.*, No. EP-26-CV-829-KC, 2026 WL 1179624, at *1 to *2 (W.D. Tex. Apr. 23, 2026) (habeas relief not available to remedy illegal arrest where petitioner is otherwise lawfully

detained pursuant to deportation proceeding); *Rezaee*, 2025 WL 4051609, at *5 (same).

The petitioner is therefore not entitled to habeas relief on the basis that his re-detention violates his procedural due-process rights.

### CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 6, is **DISCHARGED**, and the Verified Petition for Habeas Corpus, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

The petitioner's Motion for Temporary Restraining Order, **Doc. 2**, is **DENIED AS MOOT**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to substitute Todd Blanche, Acting U.S. Attorney General, in place of Respondent Pamela Bondi; and

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: May 11, 2026    BY THE COURT:

Daniel D. Domenico
Chief United States District Judge

- 17 -